IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | | |
|---|---|---|
| DAVID WEIBLE, | ) | CV 10-45-M-DWM |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | ORDER |
| WILLIAM D. BARON, SHERIFF OF | ) | |
| LAKE COUNTY; ROBERT J. LONG, | ) | |
| COUNTY ATTORNEY FOR LAKE | ) | |
| COUNTY; LAKE COUNTY, A | ) | |
| Political Subdivision of the State of | ) | |
| Montana;  TIMOTHY F. McLURE; | ) | |
| GEORGE N. FINKLE; and JOHN DOES | ) | |
| IV through X, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

## I.  Introduction

Plaintiff David Weible ("Weible") brought this action pursuant to 42 U.S.C.

§ 1983, alleging Defendants violated his rights to be free from false arrest,

excessive use of force, false imprisonment and the right to due process.  The

alleged violations stem from Weible's arrest and prosecution in March 2005.

Before the Court are Defendants' Fed.R.Civ.P. 12(b)(6) motions to dismiss.  For

the reasons that follow, the motions to dismiss are granted as the case is time

barred.

## II.  Background

On May 5, 2010, Weible filed his Complaint.  He alleges the following.

In March 2005, members of the Salish Kootenai Tribe trespassed on

Weible's private property.  The trespassers contacted Defendant McLure, a tribal

officer, who came onto Weible's property.  Weible is not a member of any

recognized tribe, and he requested that McLure and the trespassers leave his

property.  Weible also informed McLure that he had no right to investigate or

make an arrest on his property.  Defendant McLure subdued Weible with mace,

then handcuffed and arrested him.  Weible was transported to the Lake County Jail

by a member of the Lake County Sheriff's Office, and charged with knowingly

attempting to prevent an Indian Tribal Officer from effecting arrest.  He was found

guilty as charged after a bench trial on March 17, 2006.  Compl. ¶ VI.  On July 12,

2006, he was sentenced to six months jail all suspended and a $500.00 fine, all but

$200.00 suspended.  Weible appealed the judgment to the State District Court,

during which time the sentence was continued.  Due to financial reasons he abandoned his appeal and the sentence commenced on November 30, 2006.  Weible completed his sentence on May 30, 2007.  Id. at ¶ VIII.

Weible claims Defendants' actions were "totally unwarranted and unjustified and without cause or probable cause, or the required establishment of probable cause."  Id. at ¶ VII.  He claims their actions violated his rights of "due process and freedom from false arrest, excessive use of force during arrest, and false imprisonment."  Id.

On October 19, 2010, Defendants Lake County, former Sheriff of Lake County William D. Baron, former County Attorney for Lake County Robert J. Long, and George Finkle filed a motion to dismiss pursuant to Fed.R.Civ.P. 12(b)(6).  Two days later, Defendant Timothy F. McLure filed a similarly fashioned motion to dismiss.  The motions seek dismissal on the grounds that Weible's claims are barred (1) by the applicable statute of limitations, and (2) the Supreme Court's holding in Heck v. Humphrey, 512 U.S. 477 (1994).  After multiple extensions to respond, Plaintiff filed briefs in opposition to both motions on November 24, 2010.  The motions to dismiss are granted based on the

following reasoning.[1]

### III.  The motion to dismiss on timeliness grounds is well taken.

Under federal law, Weible's claim accrued "when [he] kn[ew] or ha[d]
reason to know of the injury which is the basis of the action."  TwoRivers v.
Lewis, 174 F.3d 987, 991 (9th Cir. 1999).  Reading Weible's Complaint liberally,
he is alleging claims related to his arrest, confinement and prosecution.  He was
arrested and appeared in Justice Court in March 2005, and was fully prosecuted by
November 30, 2006.  Thus all of his claims accrued by late 2006, if not sooner.
He filed this Complaint in May 2010, well after the three year statute of limitations
had run.

### IV.  Legal  Standard

When considering a 12(b)(6) motion to dismiss, the facts alleged in the
complaint are accepted  as true.  Mir v. Little Co. of Mary Hosp., 844 F.2d 646,

---

[1]Defendants argue Heck bars this action because Weible was convicted, that conviction
has not been reversed, and all of Weible's claims imply the conviction's invalidity.  See Heck,
512 U.S. at 487.  Weible does not dispute that his conviction has not been reversed or that his
claims imply the invalidity of the conviction.  Instead he argues, based on  Nonnette v. Small,
316 F.3d 872 (9th Cir. 2002), that Heck does not apply because he is no longer in custody.
Weible misreads the case.  See id. at 878 n.7 ("We [] emphasize that our holding affects only
former prisoners challenging loss of good-time credits, revocation of parole or similar matters.").
Weible did not, however, brief whether Heck bars his excessive force claim.  See Guerrero v.
Gates, 442 F.3d 697, 703 (9th Cir. 2006) (finding Heck did not bar a § 1983 plaintiff's excessive
force claim because it did not necessarily imply the invalidity of his conviction for possession of
narcotics).  The parties have not fully briefed whether Weible's excessive force claim would
imply the invalidity of his conviction.  Without having the issue briefed and because the entire
action is time barred, it is unnecessary to address it.

649 (9th Cir. 1988).  A claim may be dismissed because it is barred by statute of limitations only when "the running of the statute is apparent on the face of the complaint."  Huynh v. Chase Manhattan Bank, 465 F.3d 992, 997 (9th Cir. 2006).  "[A] complaint cannot be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts that would establish the timeliness of the claim."  Von Saher v. Norton Simon Musuem of Art at Pasadena, 592 F.3d 954, 969 (9th Cir. 2010) (quoting Huynh, 465 F.3d at 997).  The Ninth Circuit reviews de novo the dismissal of a claim as barred by the applicable statute of limitations.  Oja v. United States Army Corps of Eng'rs, 440 F.3d 1122, 1127 (9th Cir. 2006).

## V.  Analysis

In Wilson v. Garcia, 471 U.S. 261 (1985), the Supreme Court held that courts considering the timeliness of claims brought pursuant to § 1983 should employ the state statute of limitations for personal injury actions.

Mont. Code Ann. § 27-2-204–entitled "Tort actions - - general and personal injury"–calls for a two year limitations period for certain intentional tort actions such as assault or battery, and a three year statute of limitations for other general personal injury actions "not founded upon a written instrument."  See also Ritland v. Rowe, 861 P.2d 175, 177 (Mont. 1993) ("[Mont. Code Ann. § 27-2-204 establishes] a general three year statute of limitations for tort actions, with a

shorter two year period for certain particular tort actions such as assault and battery.").  Applying the holding in <u>Wilson</u>, the question is which personal injury limitations period applies here: Montana's two year period for certain intentional torts or the general three year provision.

The Supreme Court has answered this question.  In <u>Owens v. Okure</u>, the Court addressed "what limitations period should apply to a § 1983 action where a State has one or more statutes of limitations for certain enumerated intentional torts, and a residual statute for all other personal injury actions."  488 U.S. 235, 236 (1989).   It took up the issue to "provide courts with a rule for determining the appropriate personal injury limitations statute that can be applied with ease and predictability in all 50 States."  <u>Id.</u> at 243.  In doing so, the Supreme Court held that lower courts should look to a State's general or residual statute of limitations for personal injury actions rather than a State's statute of limitations for intentional torts.  <u>Id.</u> at 249-50 ("[W]here state law provides multiple statutes of limitations for personal injury actions, courts considering § 1983 claims should borrow the general or residual statute for personal injury actions.").

Applying the holding in <u>Owens</u> in concert with the holding in <u>Wilson</u>, Montana's 3 year general personal injury statute of limitations under Mont. Code Ann. § 27-2-204(1) applies rather than the two year limitations period as

prescribed for specific torts in Mont. Code Ann. § 27-2-204(3).

Weible disagrees.  He argues that § 27-2-204(1) is limited to actions "not founded upon an instrument in writing," and that his § 1983 claims are based on the United States Constitution.  Weible cites Dred Scott v. Sanford, 60 U.S. 393 (1856), to support his assertion that the Constitution is an instrument in writing.

This argument is novel.  Weible offers no support for his contention that the United States Constitution is a written instrument as contemplated by Montana's statutes of limitations.  A written instrument is document that defines rights, duties or liabilities, "such as a contract, will, promissory note, or share certificate." Black's Law Dictionary.  If the Constitution qualified as a written instrument for purposes of § 27-2-204(1), the same could be said for Montana statutes and Montana Supreme Court decisions.  That being so, any cognizable personal injury action would be "founded upon an instrument in writing."  This is an ungainly as well as an untoward result.  The "written instrument" exception applies only to actions arising from a contract, will or other such document.  See Mont. Code Ann. § 27-2-202 ("The period prescribed for the commencement of an action upon any contract, obligation, or liability founded upon an instrument in writing is within 8 years.").  It does not convert the Constitution into a private treaty.

Even if the Constitution did amount to a written instrument for purposes of

§ 27-2-204(1), <u>Owens</u>  precludes Weible's argument.  <u>Owens</u> acknowledged that

"[s]ome States have a general provision which applies to all personal injury

actions with *certain specific exceptions*."  <u>Owens</u>, 488 U.S. at 246 (emphasis

added).  As an example, the Supreme Court referenced Alabama's general

personal injury provision which applies to "any injury to the person or rights of

another not arising from contract and not specifically enumerated."  <u>Id.</u> at 246, 248

n.9 (quoting Ala. Code § 6-2-38(1)).  The Court held that such general provisions

apply without regard to such exceptions.  <u>Id.</u> at 249-50.  To acknowledge § 27-2-

204(1)'s exception for written instruments here would put the Court in conflict

with the holding in <u>Owens,</u> as well as eviscerate the Supreme Court's

determination to make the applicable limitations period in § 1983 actions

predictable.  <u>See Id.</u> at 243.  Mont. Code Ann. § 27-2-204(1) is Montana's general

statute for personal injury actions.  As prescribed by <u>Owens</u> it provides the

applicable limitations period in this case.

Weible also makes the argument that <u>Owens</u> does not determine which

applies, Montana's general personal injury provision or its residual catch-all

provision.  Mont. Code Ann. § 27-2-231 provides a five year statute of limitations

for all other actions "not otherwise provided for" by Montana law.  Weible insists

the Court should apply the less stringent residual provision.  <u>Owens</u>, however,

forecloses such a result.  <u>Owens</u> states that "[c]ourts should resort to residual

statutes of limitations only where state law provides multiple statutes of

limitations for personal injury actions and the residual one embraces, either

explicitly or by judicial construction, unspecified personal injury actions."

<u>Owens</u>, 488 U.S. at 250 n.12.  Montana's residual statute of limitations does not

explicitly or through interpretation embrace personal injury actions.  Such actions

are provided for by Mont. Code Ann. § 27-2-204.

Applying Montana's general personal injury limitations statute, Weible had

only three years to bring his claim.  Federal law dictates when a § 1983 claim

accrues.  <u>Wallace v. Kato</u>, 549 U.S. 384, 388 (2007).  A claim accrues under

federal law "when the plaintiff knows or has reason to know of the injury which is

the basis of the action."  <u>TwoRivers</u>, 174 F.3d at 991.  The claim accrues even if

"the full extent of the injury is not then known or predictable."  <u>Wallace</u>, 549 U.S.

at 391.

In Weible's Complaint, he is alleging claims related to his arrest,

confinement and prosecution.  He was arrested and appeared in Justice Court in

March 2005.  The charge against him was prosecuted by November 30, 2006.  He

knew or had reason to know of his injuries by that time.  As such, all of his claims

accrued at the latest by November 30, 2006, if not sooner.  He filed this Complaint

in May 2010, well after the three year statute of limitations had run. This action is thus barred as untimely.

Weible maintains that his cause of action did not accrue until the date his sentence was terminated–May 30, 2007–because elements to his action did not arise until then. The argument comes up short. Weible fails to specify what elements were not ripe prior to the termination of his sentence. His claims are related to his arrest and prosecution. The Complaint neither alleges nor suggests any acts or events after November 30, 2006 necessary to determine "when the alleged wrongful acts resulted in damages." Wallace, 549 U.S. at 391. As such, the date his sentence was terminated is unrelated to when his claims accrued.[2]

## VI. Conclusion

Because Weible's § 1983 action is subject to a three year statute of limitations under Montana's general personal injury provision, all of his claims

---

[2]Weible also supports this failed argument by citing Justice Ginsburg's concurrence in Albright v. Oliver, 510 U.S. 266 (1994). The case dealt with whether an arrest made without probable cause constitutes a violation of substantive due process. The Court found the answer to be no and that such claims must be made under the Fourth Amendment. Justice Ginsburg concurred "to indicate more particularly [her] reasons for viewing this case through a Fourth Amendment lens." Id. at 276. In doing so, she mentioned that a Fourth Amendment seizure claim should not accrue until dismissal of the charges. Id. at 280. Weible reads this dicta to mean his claims did not accrue until termination of his imposed sentence, but such a result is foreclosed by the Supreme Court's holding in Wallace, which expressly held that "a § 1983 claim seeking damages for a false arrest in violation of the Fourth Amendment, where the arrest is followed by criminal proceedings, begins to run at the time the claimant becomes detained pursuant to legal process." 549 U.S. at 397.

accrued on or before November 30, 2006, and he filed his Complaint more than three years after that time, the Complaint is barred by the applicable statute of limitations. This is a defect that cannot be cured by amendment.

Accordingly, IT IS HEREBY ORDERED that Defendants Lake County, Barron, Long and Finkle's Motion to Dismiss (dkt #16), and Defendant McLure's Motion to Dismiss (dkt #18) are GRANTED.

Weible's Complaint is DISMISSED for failure to file within the applicable statute of limitations. The Clerk of Court is directed to enter judgment in favor of Defendants, deny any pending motions as moot, and CLOSE the case.

Dated this 15th day of December, 2010.


DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT