IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

MISSOULA DIVISION

| | |
|---|---|
| DAVID WEIBLE,                              ) | CV 10-45-M-DWM |
| ) | |
| Plaintiff,           ) | |
| ) | |
| vs.                                                ) | |
| ) | ORDER |
| WILLIAM D. BARON, SHERIFF OF   ) | |
| LAKE COUNTY; ROBERT J. LONG, ) | |
| COUNTY ATTORNEY FOR LAKE    ) | |
| COUNTY; LAKE COUNTY, A           ) | |
| Political Subdivision of the State of      ) | |
| Montana;  TIMOTHY F. McLURE;   ) | |
| GEORGE N. FINKLE; and JOHN DOES ) | |
| IV through X,                                    ) | |
| ) | |
| Defendants.       ) | |
| _____ ) | |

On December 15, 2010, the Court granted Defendants' motions to dismiss and dismissed this action as untimely.  (Dkt #47.)  In doing so, the Court found that Weible's action is subject to Montana's three-year statute of limitations period

for general and personal injury actions.  Pursuant to the Order, the Clerk of Court entered judgment in favor of Defendants.  (Dkt #48.)  On December 23, 2010, Weible filed a motion to alter or amend judgment.  He reargues that his action is subject to either an eight-year or five-year statute of limitations–not three years.  The Court previously addressed and rejected these arguments in its dismissal Order.

Under Federal Rule of Civil Procedure 59(e), the Court may alter or amend judgment if "(1) the district court is presented with newly discovered evidence, (2) the district court committed clear error or made an initial decision that was manifestly unjust, or (3) there is an intervening change in controlling law." Zimmerman v. City of Oakland, 255 F.3d 734, 740 (9th Cir. 2001) (citing Sch. Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir.1993)).  Weible's motion does not satisfy any of these requirements.  He has not presented newly discovered evidence or shown a change in controlling law.  Nor has he shown the Court committed clear error.  While Weible disagrees with the Court's finding that his action is subject to a three-year limitations period, the ruling is not a categorical mistake or manifestly unjust.

Weible is also entitled to reconsideration under Rule 60(b) if he shows "(1) mistake, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud

or other misconduct; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief from operation of judgment." Id. (citing McConnell v. MEBA Med. & Benefits Plan, 759 F.2d 1401, 1407 (9th Cir. 1985)). Weible has not shown that any of these exceptions apply.

Accordingly, IT IS HEREBY ORDERED that David Weible's Motion to Alter or Amend Judgment (dkt #51) is DENIED.

Dated this 7th day of January, 2011.

DONALD W. MOLLOY, DISTRICT JUDGE
UNITED STATES DISTRICT COURT